J-S42029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RONALD CURTIS SEATON | |
| Appellant | No. 575 EDA 2015 |

Appeal from the Order February 3, 2015
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005660-1996

BEFORE:  SHOGAN, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED OCTOBER 15, 2015**

Appellant, Ronald Curtis Seaton, appeals *pro se* from the February 3, 2015 order dismissing on various grounds, including untimeliness, his first petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.  After careful consideration, we affirm.

Based on our review of the certified record, we summarize the relevant procedural history of this case as follows.  On June 26, 1996, the Chester City Police charged Appellant by criminal complaint with possession of a controlled substance (cocaine), possession with intent to deliver a controlled substance (cocaine) (PWID), and possession of drug paraphernalia.[1]  A

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(16), (a)(30), and (a)(32), respectively.
*(Footnote Continued Next Page)*

criminal information, detailing the aforementioned charges, was filed on January 17, 1997. On February 18, 1997, Appellant entered a plea of guilty to the one count of PWID, and the other counts were *nolle prossed*.[2] On March 17, 1997, the trial court sentenced Appellant to 11½ to 23 month's incarceration. No post-sentence motion or direct appeal was filed.

Docket entries on the dates of November 4, 2005, and March 20, 2006, reflect the *pro se* filings of a self-titled "Petition to Withdraw Certain Facts."[3] Therein, Appellant challenged the validity of his guilty plea due to the alleged failure of the trial court to advise him of certain rights he waived by virtue of the plea. Appellant's Motion to Compel, 3/20/14, Attachment. No trial court action was taken to address Appellant's Petition. Between November 18, 2010 and December 18, 2013, Appellant filed a number of requests for transcripts and copies of documents from the certified record.

On May 29, 2014, Appellant filed a *pro se* Motion to Compel, seeking trial court action on his prior Petition to Withdraw Certain Facts. Although not so titled, the PCRA court determined Appellant's filings were properly

_(Footnote Continued)_ _____

[2] The record indicates this was a negotiated plea, but no written plea agreement is contained in the record certified to this Court.

[3] The Petition is not included in the certified record from those dates, but a copy, time stamped March 20, 2006, is attached to Appellant's May 29, 2014 motion to compel. We accept for the purposes of this appeal, as did the PCRA court, that November 4, 2005 is the effective filing date of Appellant's request for post-conviction collateral relief.

considered petitions pursuant to the PCRA.[4]  Accordingly, the PCRA court appointed counsel to represent Appellant in the PCRA proceedings, including the filing of any amended PCRA petition.

On January 13, 2015, Counsel filed an application to withdraw as counsel together with a no-merit letter in accordance with **Pennsylvania v. Finley**, 481 U.S. 551 (1987), and **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988).  Therein, Counsel recounted his review of the entire record and stated his conclusion that relief under the PCRA was not available because Appellant was no longer serving a sentence in connection with the underlying case and because Appellant's request for post-conviction relief was neither timely under the PCRA nor subject to any of the enumerated exceptions to the PCRA's timeliness requirement.  No-Merit Letter, 1/13/15, at 5-6.  Specifically, Counsel noted Appellant sought to claim application of the after-discovered fact exception at 42 Pa.C.S.A. § 9545(b)(ii) by virtue of his discovery on September 15, 2005, that the records reflected he pled to PWID when he in fact pled to possession of a controlled substance.  Counsel concluded that the exception did not apply because Appellant could not show due diligence in discovering the supposed new fact.  *Id.* at 5.

On January 16, 2015, the PCRA court filed an order granting Counsel's application to withdraw as counsel, together with a notice of its intent to

_____

[4] **See Commonwealth v. Taylor**, 65 A.3d 462, 465-466 (Pa. Super. 2013) (holding that a request for relief that is cognizable under the PCRA must be treated as a PCRA petition).

dismiss Appellant's request for PCRA relief without a hearing pursuant to Pennsylvania Rule of Criminal Procedure 907. Appellant filed a "Response to Notice of Intent to Dismiss Without a Hearing" on February 3, 2015. Therein, Appellant avers that he entered a guilty plea on March 17, 1997 to the count charging possession of a controlled substance, 35 P.S. § 780-113(a)(16). Appellant's Response to Notice of Intent to Dismiss Without a Hearing, 2/3/15, at 3. Appellant claims he only became aware that the record indicated he entered a guilty plea to PWID, 35 P.S. § 780-113(a)(30), when he was appealing his sentence on a federal drug offense on September 15, 2005. *Id.* Appellant claims the purportedly erroneous record was relied upon to wrongly enhance his federal sentence. *Id.* at 4. Appellant further asserts that his filing the instant PCRA qualifies under the governmental interference and after-discovered fact exceptions to the PCRA's timeliness requirements, 42 Pa.C.S.A. § 9545(b)(i) and (ii). *Id.* On February 3, 2015, the PCRA court dismissed Appellant's petition without a hearing on the alternative bases that it was untimely filed, Appellant was not currently serving the underlying sentence, and Appellant's claims were without merit.

On February 27, 2015, Appellant filed a *pro se* notice of appeal. The PCRA court, on February 25, 2015, directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule

of Appellate Procedure 1925(b).[5]   Appellant filed a timely *pro se* Rule

1925(b) statement on March 9, 2015.

On appeal, Appellant raises the following issue for our review.

> [Whether Appellant] sets forth an exception to the PCRA time bar (in custody) requirement based on newly discovered evidence pursuant to 42 Pa.C.S.A. § 9545 (b)(1)(ii)[?]

Appellant's Brief at i.[6]

We briefly note our standard of review in this matter.

> Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error.  This Court treats the findings of the PCRA court with deference if the record supports those findings.  It is an appellant's burden to persuade this Court that the PCRA court erred and that relief is due.

***Commonwealth v. Feliciano***, 69 A.3d 1270, 1274-1275 (Pa. Super. 2013)

(citation omitted).

Instantly, the PCRA court dismissed Appellant's PCRA petition as

untimely.  "[I]t is well-settled that … a question of timeliness implicates the

jurisdiction of our Court."   ***Commonwealth v. Gandy***, 38 A.3d 899,

---

[5] The PCRA court had received a copy of Appellant's *pro se* notice of appeal prior to its docketing, resulting in the PCRA court's issuance of the Rule 1925(b) order two days before the notice of appeal was finally docketed by the Office of Judicial Support.

[6] Appellant's brief does not contain a statement of questions involved as required by Pennsylvania Rules of Appellate Procedure 2111(a)(4), and 2116.  The heading to Appellant's argument section, however, fairly presents his issue, and we recite it above.

902 (Pa. Super. 2012) (internal quotation marks and citation omitted), *appeal denied*, 49 A.3d 442 (Pa. 2012). "Because these timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." **Commonwealth v. Lopez**, 51 A.3d 195, 196 (Pa. 2012) (internal quotation marks and citation omitted). The PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar[.]" **Commonwealth v. Watts**, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). This is to "accord finality to the collateral review process." **Id.** (citation omitted). "It is well settled that [a]ny and all PCRA petitions must be filed [in a timely manner] unless one of three statutory exceptions applies." **Commonwealth v. Garcia**, 23 A.3d 1059, 1061-1062 (Pa. Super. 2011) (internal quotation marks and citations omitted), *appeal denied*, 38 A.3d 823 (Pa. 2012). "We have repeatedly stated it is the appellant's burden to allege and prove that one of the timeliness exceptions applies. Whether [the a]ppellant has carried his burden is a threshold inquiry prior to considering the merits of any claim." **Commonwealth v. Edmiston**, 65 A.3d 339, 346 (Pa. 2013) (citation omitted), *cert. denied*, **Edmiston v. Pennsylvania**, 134 S. Ct. 639 (2013).

The Act provides for the following possible exceptions to the timeliness requirement.

**§ 9545.  Jurisdiction and proceedings**

…

(b) Time for filing petition.—

(1)  Any petition under this subchapter, including a second or subsequent petition, shall be [timely] filed … unless the petition alleges and the petitioner proves that:

(i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2)  Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

…

42 Pa.C.S.A. § 9545(b).

Instantly, Appellant's November 4, 2005 Petition to Withdraw Certain Facts, treated as a PCRA petition, is facially untimely.  His judgment of sentence became final on April 16, 1997, the final day he had to file a direct

appeal. **See generally** Pa.R.A.P. 903. Therefore, Appellant had until April 16, 1998, one year from that date, to file a timely PCRA petition. **See generally** 42 Pa.C.S.A. § 9545(b)(3). As noted, it is required that Appellant pleads and proves one of the statutory exceptions to the PCRA's time limits to invoke the PCRA or this Court's jurisdiction to consider his petition. **See Edmiston**, **supra**.

Appellant argues that, in his response to the PCRA court's notice of intent to dismiss, he raised the application of the after-discovered fact exception to the timeliness requirements of the PCRA under Section 9545(b)(1)(ii). Appellant's Brief at 4. Specifically, he claims he discovered through his attorney in a subsequent federal prosecution "that the [Section] 780-113(a)(16) [possession] offense was read to be a conviction for violation of [Section] 780-113(a)(30), [PWID]." **Id.** Appellant asserts he filed the instant petition within 60 days of his alleged September 15, 2005 discovery of this new fact. **Id.** at 3. Appellant contends he provided sufficient proof to warrant a hearing on the issue in the form of conflicting documents reflecting his plea was to one offense or the other. **Id.** at 5, *citing* Appellant's Response to Notice of Intent to Dismiss Without a Hearing, 2/3/15, Exhibits 7-10. Finally, Appellant suggests the sentence he received on March 17, 1997, supports his contention that the documents in the record reflecting he pled guilty to PWID are erroneous. **Id.** Appellant notes he had a conviction for PWID in 1993, prior to the instant case, which would have

triggered a mandatory sentence under 18 Pa.C.S.A. § 7508. Because he was sentenced to a lesser term, Appellant contends it follows that he did not plead guilty to PWID in the instant case.[7] *Id.*

_____

[7] Although the certified record does not contain a copy of the guilty plea transcript, the transcript of Appellant's preliminary hearing indicates that 2.49 grams of cocaine were seized from Appellant's person at the time of his arrest. The sentencing statute provides in pertinent part as follows.

§ 7508. Drug trafficking sentencing and penalties

**(a) General rule.--**Notwithstanding any other provisions of this or any other act to the contrary, the following provisions shall apply:

…

(3) A person who is convicted of violating section 13(a)(14), (30) or (37) of The Controlled Substance, Drug, Device and Cosmetic Act where the controlled substance is coca leaves or is any salt, compound, derivative or preparation of coca leaves or is any salt, compound, derivative or preparation which is chemically equivalent or identical with any of these substances or is any mixture containing any of these substances except decocainized coca leaves or extracts of coca leaves which (extracts) do not contain cocaine or ecgonine shall, upon conviction, be sentenced to a mandatory minimum term of imprisonment and a fine as set forth in this subsection:

(i) when the aggregate weight of the compound or mixture containing the substance involved is at least 2.0 grams and less than ten grams; one year in prison and a fine of $5,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been

*(Footnote Continued Next Page)*

The PCRA court concluded Appellant's underlying factual assertion, that he pled guilty only to possession of a controlled substance was unsupported by the record.

> A review of [Appellant's] actual court documents, including, but not limited to his Guilty Plea Statement, the relevant Criminal Information … he signed further memorializing his plea of guilty, and the Certificate of Imposition of Judgment of Sentence, patently demonstrate his felony Drug Act conviction at bar. **See** [Appellant's] Guilty Plea Statement[, 2/18/97, at 3], Criminal Information B, 1/17/97, and Certificate of Imposition of Judgment of Sentence[3/17/97]. These duly executed [trial] court documents unquestionably show that on February 18, 1997, [Appellant] entered a plea of guilty before the Honorable Robert C. Wright to Possession with Intent to Deliver a Controlled Substance … and resultantly, on March 17, 1997, [Appellant] was sentenced to a term of eleven and a half (11.5) through twenty-three (23) months['] imprisonment. **See** [**Id.**]

> Based on the [trial] court's primary records relevant to the matter at bar, it is doubtless that [Appellant] pled guilty to felonious Possession with Intent to Deliver a Controlled Substance … contrary to the [Appellant's] contention that he was convicted of misdemeanor Possession of a Controlled Substance.

*(Footnote Continued)*

> convicted of another drug trafficking offense: three years in prison and $10,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity;

> …

18 Pa.C.S.A. § 7508.

Trial Court Opinion, 3/20/15, at 7-8.

Based on our thorough review of the extant record, we agree that the contemporaneous documents, including his signed statement on the Criminal Information, and his signed and initialed responses to the written guilty plea statement, clearly demonstrate that Appellant knowingly entered a plea of guilty to PWID. Specifically, Appellant's initialed response to paragraph 21 of the guilty plea statement was as follows.

ADMISSION OF GUILT OR NO CONTEST AND PENALTIES

21. I understand and agree that I am pleading guilty or nolo contendere to the crimes listed below. I understand and my lawyer has explained to me the elements of these crimes and the possible penalties for them. By pleading guilty, I agree and admit that I committed each element of these crimes…. I am pleading guilty … to the following crimes:

A) *Possession controlled Substance w/ Intent to Deliver*, a … felony … and the maximum penalty for this crime is *10 yrs* in jail and a $*23,000* fine. …

Guilty Plea Statement, 3/17/97, at 3 ¶ 21 (italics indicate handwritten portions). Similarly, all sentencing documents reflect the applicable charge was PWID. **See** Certificate of Imposition of Judgment of Sentence, 3/17/97; Sentencing Guideline Forms, 3/20/97.

Appellant's proffered documentation to the contrary includes "a partial copy of some type of criminal history erroneously listing his having been

- 11 -

sentenced on the charge of Possession of a Controlled Substance… as opposed to [PWID]…" and "a copy of a clerk generated, handwritten charging sheet from the court file which incorrectly lists [Appellant] as having been sentenced to Delaware County Prison for the offense of Possession of a Controlled Substance… rather than [PWID]…." Trial Court Opinion, 3/20/15, at 7 n.21, *citing* Appellant's Response to Notice of Intent to Dismiss Without a Hearing, 2/3/15, Exhibits 7, 9. These documents, being patently erroneous, cannot constitute an after-discovered "fact" for the purposes of Section 9545(b)(1)(ii).

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. *…* Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> … In other words, the "new facts" exception at:
>
>> [S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.
>
> [**Commonwealth v.**] **Bennett**, [] 930 A.2d [1264,] 1271 ([Pa.] 2007) (internal citations omitted) []. Thus, the "new facts" exception at Section

> 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.

***Commonwealth v. Brown***, 111 A.3d 171, 176-177 (Pa. Super. 2015) (some internal quotation marks, citations, emphases, and footnote omitted).

Nor does the sentence Appellant received, even if not in compliance with Section 7508, invalidate the subject offense to which Appellant pled.[8]

Absent an applicable exception to the one-year time limit to file a PCRA petition, we conclude the PCRA court and this Court lack jurisdiction to review Appellant's claims. ***See Lopez***, ***supra***.[9] Accordingly, we affirm the PCRA court's February 3, 2015 order dismissing Appellant's petition for PCRA relief.

Order affirmed.

---

[8] "[A]lthough illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition." ***Taylor***, ***supra*** at 465 (citation omitted).

[9] We also agree with the PCRA court that Appellant would be ineligible for PCRA relief in any event because he is no longer serving the underlying sentence. **See** Trial Court Opinion, 3/20/15, at 10; 42 Pa.C.S.A. § 9543(a)(1)(i). Appellant's reliance on ***Lackawanna Dist. Atty. v. Coss***, 532 U.S. 394 (2001), as establishing a "***Coss*** exception" to the PCRA's eligibility requirements is misplaced. In ***Coss***, the United States Supreme Court explored the "in custody" eligibility parameters of **federal** habeas corpus relief involving a federal sentence that includes an enhancement due to a prior unconstitutional sentence that has fully expired. ***Id.*** at 401. It provides no exception to **state** rules circumscribing eligibility for post-conviction relief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/15/2015